UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBERT GREENHOUSE,<br><br>                    Plaintiff,<br><br>          -against-<br><br>WEBSITE SYMMETRY, VIDEO SYMMETRY,<br>LOGO SYMMETRY, BLITZ DESIGN, INC.,<br>GHOSTWRITING UNIVERSE, AMY CONNOR,<br>SETH MILES, JASON PARKER, NICK FISHER,<br>and 360 ART STUDIO, INC.,<br><br>                    Defendants. | 23-cv-9754 (DEH) (KHP)<br><br>TRANSFER ORDER |

**KATHARINE H. PARKER, United States Magistrate Judge:**

Plaintiff, a resident of California, brings this action under 18 U.S.C. §§ 1343, 1962(C)-(D) and Cal. Civ. Code § 1750, et seq., along with common law claims for fraud and breach of contract under California law, alleging Defendants were involved in a scheme to deprive Plaintiff of payments he made pursuant to a project contract with Defendants, where all of the relevant individuals and entities reside in California. Named as Defendants are Website Symmetry ("WS"), Video Symmetry ("VS"), Logo Symmetry ("LS"), Blitz Design ("BD"), Ghostwriting Universe ("GU"), Amy Connor, Seth Miles, Jason Parker, Nick Fisher, and 360 Art Studio, Inc. ("Art Studio"). However, the only Defendants who were served in this matter are BD and Art Studio (the "Defaulting Defendants") are both residents of Fremont, California (ECF No. 24 ¶¶ 5-6). Additionally, none of the other defendants are alleged to be residents of New York. Neither BD nor Art Studio has appeared in this action, and Plaintiff has moved for a default judgment and damages against them. (ECF Nos. 90-91.) For the following reasons, this action is transferred to the United States District Court for the Northern District of California.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants breached a contract and engaged in various fraudulent conduct in connection with a contract executed between the parties. Plaintiff's economic losses from the breach are most felt where he resides in Los Angeles, California. His only hook to bring any of the parties to court in this District is a contract that only one of the Defendants, WS, signed, providing for forum in New York. However, the same forum selection clause provided for California federal courts to hear this case. Notably, WS is alleged to be a California-based business with no known connection to New York. According to the pleading, none of the other named defendants, served and unserved, reside in New York. Rather, according to the complaint, almost all of the parties to this case reside in California (with the exception of GU, which has a principal place of business in Saint Emilion Court, Spring, Texas) (ECF No. 24 ¶¶ 1-12).[1] Indeed, of the ten remaining Defendants, five allegedly reside in Berkeley, CA, and two—

---

[1] Defendant Evrima Chicago LLC is an Illinois corporation, but it has settled with Mr. Greenhouse and been dismissed from this action. (ECF No. 98 ¶ 4-5; ECF No. 67.)

specifically, the Defaulting Defendants—are alleged to reside in Fremont, CA, both of which are located in Alameda County, which falls within the Northern District of California. *See* 28 U.S.C. § 84. The remaining two California Defendants are allegedly located in Bakersfield, which is in Kern County, which falls in the Eastern District of California.[2] *Id.* Finally, GU is allegedly located in Spring, Texas, which is in Harris County, which falls in the Houston Division of the Southern District of Texas. 28 U.S.C. § 124.

Because Defendants have not appeared, the Court has not been presented with the issue of whether venue is proper under Section 1391(b)(1) in either this District or another judicial district. Even if the Court did assume that that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in connection with a contract governed by California law under a California forum selection clause with almost entirely California parties, venue would also be proper under Section 1391(b)(2) in the Northern District of California.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the

---

[2] Plaintiff resides in Los Angeles County, which is in the Western Division of the Central District of California. 28 U.S.C. § 84(c)(2).

relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).  A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer is appropriate in this case. The underlying events occurred overwhelmingly between California residents (seventy percent of whom reside in jurisdictions falling within the Northern District of California, and only one of whom—WS—Plaintiff has said expressly consented to New York courts) under a contract governed by California law and providing for forum to be proper in the federal courts of California, where Plaintiff also resides, and it is reasonable to expect that virtually all relevant documents and witnesses also would be at in or around Berkeley, Bakersfield, and Fremont. The Northern District of California appears, therefore, to be a more convenient forum for this action.

After the Court raised the issue of personal jurisdiction at a virtual hearing with the Plaintiff's counsel, Plaintiff submitted supplemental briefing regarding personal jurisdiction and the forum *non conveniens* factors. (ECF No. 98.)  However, the additional briefing is not persuasive.

Plaintiff devotes much of his supplemental brief to arguing that the Court should enforce the forum selection clause against the Defaulting Defendants.  This argument is unpersuasive given that the Court's transfer of venue does not decline to enforce the forum selection clause

4

against the Defaulting Defendants.  Rather, it suggests only that, on the facts as alleged, there will be no doubt about personal jurisdiction over the Defaulting Defendants in the Northern District of California.  Indeed, the forum selection provision did not provide for *exclusive* jurisdiction in New York; it also provided for forum in California.  While the Court can easily enforce this clause against the signatory, the Court's continued exercise of authority requires finding that the Defaulting Defendants and unserved, non-signatory Defendants are bound by the forum selection clause.  In the absence of their ability to argue to the contrary—particularly given most of them have not yet been served—the Court finds it more prudent for venue to be in a district where forum would still be enforceable under the contract against any relevant parties, including potentially the Defaulting Defendants, and where the overwhelming majority of Defendants reside.  Thus, even assuming Plaintiff is right that Defaulting Defendants are bound by the forum selection clause, these facts and alleged benefits to the Defaulting Defendants resulting from the contract are, at best, equivocal and not decisive.  They certainly do not weigh *against* transfer.  Indeed, given that the question whether the Defaulting Defendants are bound by the contract, which is governed by California law under the terms of the contract, and Plaintiff has cited no cases decided by California courts to establish that they are bound (ECF No. 98 ¶¶ 30-39 (citing exclusively New York case law to argue that Defaulting Defendants are bound by the contract)), this factor weighs in favor of transfer.

Plaintiff next raises arguments that personal jurisdiction over the Defaulting Defendants can be found under New York's long-arm statute, N.Y. C.P.L.R. 302(a)(1).  Specifically, he asks for an exercise of specific jurisdiction for having committed acts in the state which form the basis of the Complaint.  The basis of this argument is that the Defaulting Defendants' underlying

conduct giving rise to the Complaint involved use of bank accounts at banks which are headquartered in New York, and the Fedwire service was utilized.  However, Plaintiff's cited cases do not support a finding of personal jurisdiction over the Defaulting Defendants.  In *Licci v. Lebanese Canadian Bank*, 984 N.E.2d 893 (N.Y. 2012), the New York Court of Appeals concluded that whether a defendant's use of a correspondent account qualifies as purposeful availment sufficient to satisfy the long-arm statute or merely coincidental is fact-bound and commonly requires jurisdictional discovery. *Id.* at 334-39; *see also Rushaid v. Pictet & Cie*, 68 N.E.3d 1 (N.Y. 2016) (finding "intentional and repeated use of New York correspondent bank accounts to launder their customers' illegally obtained funds constitute[d] purposeful transaction of business" sufficient for CPLR 302(a)(1)).  Here, there are sufficient doubts over whether the New York long-arm statute would be satisfied, which would likely justify jurisdictional discovery, but Plaintiff has opted not to serve most defendants yet and moves against non-signatories to the contract that is the subject of the action.  Moreover, Plaintiff's Amended Complaint contains no allegation that any Defendant actually used or purposefully directed funds to correspondent New York bank accounts; at most, he says "the acts of which Greenhouse complains involve banking transactions which impact banks located in the State of New York." (*See* ECF No. 24 ¶ 15.)  Indeed, the documents he attaches clearly show that the JPMorgan Chase Bank account referenced is in West Covina, California (in Los Angeles County). (*See* ECF No. 98-4.)  Further, Plaintiff has not cited any case to show that *his* use of an allegedly New York-based account at Chase Bank (an assertion for which he provides no clear documentation) to direct funds to a California bank would satisfy the long-arm statute.  While the Court makes no jurisdictional findings on in this opinion, these facts, with Plaintiff's elections and allegations, seem unlikely

even to make a "sufficient start" in terms of showing jurisdiction under New York's long-arm statute, which might merit further jurisdictional discovery. *See Peterson v. Spartan Ind.*, 310 N.E.2d 513, 515 (N.Y. 1974).  Thus, the Court's doubt of its own authority, with Plaintiff's threadbare arguments and allegations of Defaulting Defendants' purposeful availment, counsels against it acting any further in this case.

Finally, Plaintiff argues that the forum *non conveniens* factors weigh against transfer.  The Court disagrees.  The mere fact that the parties have not appeared to argue inconvenience to witnesses or document discovery is not necessarily decisive that there is no inconvenience.  Nor is Plaintiff's choice of forum decisive for the reasons explained above:  this factor gets less weight when he does not reside here.  Further, it is not clear that a Plaintiff who agrees to a non-exclusive forum selection clause providing for forum in either of two states may object to transfer of venue to the other state on the grounds that he did not choose to file the case there. He did choose California forums when he signed the contract, and unlike the Defaulting Defendants, he undoubtedly would be bound as a signatory by that forum selection clause if WS brought an action against him in California.

*Aguas Lenders Recovery Group v. Suez, S.A.*, 585 F.3d 696, 700 (2d Cir. 2009), which Plaintiff cites, does not help him.  There, the Second Circuit concluded that the fact that a party was not a signatory to the contracts at issue did not operate as a "per se" bar on its ability to be bound by those contracts for the purposes of forum *non conveniens*.  Here, as the Court has explained, it has not concluded one way or the other which non-signatories are or are not bound by the contract.  It has only observed that regardless of whether all defendants or only WS may be bound by the forum selection clause, those same parties will be bound to the

7

jurisdiction of California courts.  This is consistent with what the *Aguas Lenders* case says, where it distinguishes between permissive forum selection clauses and exclusive forum selection clauses. *Id.*  Here, there is no forum selection clause "in which the[ parties] agree" to one forum "that is exclusive of all others." *Id.*  Rather, this is a case "where parties contract to" a forum selection clause "that designates a forum in advance, but does not preclude a different choice." *Id.*  In such a case, the "traditional" forum *non conveniens* factors will apply. *Id.*  Moreover, in *Aguas Lenders*, "[a]t least one of the contracts" contained "a waiver of" forum *non conveniens* arguments. *Id.*  Plaintiff does not even attempt to argue that the contract at issue in this case contains such a waiver.  He cannot; the contract does not contain a waiver of forum *non conveniens*. (*See* ECF No. 98-2.)  Thus, it is the permissive nature of the forum selection clause— permissive at least as between the choice of New York or California—which provides greatest support for transfer.

Finally, the Court does not agree with the Plaintiff that transferring this case is against judicial economy.  This case has not advanced very far in the last two-and-a-half years since it was first filed. *Cf. Starr Indemnity & Liability Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 442 (S.D.N.Y. 2018) (noting "discovery has completed, . . . [t]he Court has adjudicated a number of discovery disputes and held multiple conferences," giving it "familiarity with this action that would be lost upon transfer").  No discovery has taken place, and only two remaining defendants have been served (by substituted service as to Blitz (ECF No. 53)).  While it is true that the default judgment has been granted as against the Defaulting Defendants (ECF No. 73), there will be no bar to the ability of the Plaintiff to re-file his damages inquest with the California court.  Accordingly, judicial economy does not weigh against transfer.

Accordingly, the Court transfers this action to the United States District Court for the Northern District of California. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of California.  This order closes this case in this District.

**SO ORDERED.**

DATED:       New York, New York
             March 12, 2026

_____
KATHARINE H. PARKER
United States Magistrate Judge

9